IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BOULLE, LTD., § | |
| § | |
| Plaintiff / Counter-Defendant, § | |
| § | |
| v. § | |
| § | |
| DE BOULLE DIAMOND & JEWELRY, § | |
| INC., § | |
| § | |
| Defendant / Counter-Plaintiff § | |
| § | |
| _____ § | Civil Action No. **3:12-CV-01462-L** |
| § | |
| DE BOULLE DIAMOND & JEWELRY, § | |
| INC., § | |
| § | |
| Third-Party Plaintiff, § | |
| § | |
| v. § | |
| § | |
| JEAN-RAYMOND BOULLE, § | |
| § | |
| Third-Party Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Before the court are Plaintiff Boulle, Ltd. ("Plaintiff") and Third-Party Defendant Jean-Raymond Boulle's ("Third-Party Defendant") Motion for Summary Judgment on Defendant's Counterclaims and Third-Party Claims (Doc. 68), filed September 16, 2013;[1] Defendant De Boulle

---

[1] Plaintiff and Third-Party Defendant's Motion for Summary Judgment was denied without prejudice on January 27, 2014, by Magistrate Judge Paul Stickney. On February 11, 2014, Magistrate Judge Stickney instructed the parties that they could file one supplemental summary judgment brief not to exceed 15 pages. On March 5, 2014, the court emphasized that since no motions for summary judgment existed at that time, the parties were required to file a second motion for summary judgment. On April 15, 2014, Plaintiff and Third-Party Defendant filed their Supplemental Brief in Support of Their Motion for Summary Judgment and in Opposition to Defendant's Motion for Summary Judgment. The court will consider Plaintiff and Third-Party Defendant's September 16, 2013 Motion for Summary Judgment and

Diamond & Jewelry, Inc.'s ("Defendant") Cross-Motion for Summary Judgment (Doc. 86), filed October 16, 2013;[2] Plaintiff and Third-Party Defendant's Objection to and Motion to Strike Defendant's Evidence in Support of Its Motion for Summary Judgment and Its Response to Plaintiff's Motion for Summary Judgment (Doc. 93), filed October 31, 2013;[3] and Defendant's Motion to Realign the Parties (Doc. 167), filed August 21, 2014.

The court referred Plaintiff and Third-Party Defendant's Motion for Summary Judgment to Magistrate Judge Stickney for findings and recommendations on September 26, 2013. Defendant's Cross-Motion for Summary Judgment was not referred to Magistrate Judge Stickney. On January 27, 2014, Magistrate Judge Stickney denied without prejudice Plaintiff and Third-Party Defendant's Motion for Summary Judgment and Defendant's Cross-Motion for Summary Judgment. On February 11, 2014, Magistrate Judge Stickney instructed the parties that they could file one supplemental summary judgment brief. On March 5, 2014, the court stated that any new summary judgment motion would be automatically referred to Magistrate Judge Stickney for findings, conclusions, and recommendations. On April 15, 2014, Defendant filed its Second Motion for

---

briefing, in addition to the supplemental brief filed on April 15, 2014.

[2] Defendant's Cross-Motion for Summary Judgment was denied without prejudice on January 27, 2014, by Magistrate Judge Paul Stickney. On February 11, 2014, Magistrate Judge Stickney instructed the parties that they could file one supplemental summary judgment brief not to exceed 15 pages. On March 5, 2014, the court emphasized that since no motions for summary judgment existed at that time, the parties were required to file a second motion for summary judgment. On April 15, 2014, Defendant filed its Second Motion for Summary Judgment. The court will consider Defendant's October 16, 2013 Cross-Motion for Summary Judgment and briefing, in addition to its Second Motion for Summary Judgment.

[3] This motion was not referred to the magistrate judge; however, the magistrate judge discusses it in his Findings, Conclusions, and Recommendation. Even though Magistrate Judge Stickney does not specifically recommend denying the Motion to Strike in his Findings, Conclusions, and Recommendation, the magistrate judge states that he reviewed the challenged evidence and determined that, even when it is considered, it does not alter his findings and conclusions with respect to the pending motions. The magistrate overruled as moot the objections. Accordingly, the court will deny as moot Plaintiff and Third-Party Defendant's Motion to Strike.

**Memorandum Opinion and Order - Page 2**

Summary Judgment; and Plaintiff and Third-Party Defendant filed their Supplemental Brief in Support of Their Motion for Summary Judgment and in Opposition to Defendant's Motion for Summary Judgment. Therefore, both motions for summary judgment were referred to Magistrate Judge Stickney. Additionally, even though Plaintiff and Third-Party Defendant's Motion to Strike was not formally referred to Magistrate Judge Stickney, he provided a general recommendation as to Plaintiff and Third-Party Defendant's Objection to and Motion to Strike Defendant's Evidence in Support of Its Motion for Summary Judgment and Its Response to Plaintiff's Motion for Summary Judgment, as the Objection and Motion to Strike were related to the motions for summary judgment that were referred to him. The magistrate judge entered Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") on July 31, 2014.

The magistrate judge recommends that the court: (1) deny Plaintiff and Third-Party Defendant's Motion for Summary Judgment on Defendant's counterclaims and third-party claims; (2) grant Defendant's Cross-Motion for Summary Judgment on all of Plaintiff's claims and causes of action; and (3) deny Defendant's Motion for Summary Judgment on its own claims for trademark infringement and unfair competition. Plaintiff filed seven objections on August 7, 2014. Defendant filed one objection on August 14, 2014.

I. **Plaintiff and Third-Party Defendant's Objections**

    A. *Doctrine of Release*[4]

Plaintiff and Third-Party Defendant (collectively "Plaintiffs") object to the magistrate judge's determination that Defendant's counterclaims and third-party claims are not barred by the doctrine

---

[4] A release "surrenders legal rights or obligations between the parties to an agreement. It operates to extinguish the claim or cause of action as effectively as would a prior judgment between the parties and is an absolute bar to any right of action on the released matter." *Dresser Indus., Inc. v. Page Petrol., Inc.*, 853 S.W.2d 505, 508 (Tex. 1993) (citation and internal citations omitted).

**Memorandum Opinion and Order - Page 3**

of release. Plaintiffs contend that the magistrate judge ignored the broad language of the release and instead focused on other supposed evidence of the parties' intent to effect a narrow release. After reviewing the 1993 Settlement Agreement ("Agreement"), the court agrees with the magistrate judge's determination. The court agrees that when the Agreement is read in its entirety, it is not ambiguous. It is clear that the subject matter encompasses: (1) a specific business transaction; (2) the litigation that came from that transaction; and (3) other matters that Denis Boulle and Jean Boulle were seeking to resolve before Jean Boulle left the United States. As the magistrate judge stated, "it would be unreasonable to interpret the Agreement as giving the parties a blank check with respect to their future conduct towards each other," especially when considering the circumstances surrounding the Agreement. Report 14. Plaintiffs also contend that Defendant's counterclaims and third-party claims are barred by the Agreement because they could have been asserted in the lawsuit defined by the Agreement. The court disagrees. As the magistrate judge explains, Defendant's claims in this lawsuit arise out of Plaintiffs' *recent* trademark applications and seek to prevent Plaintiffs from using the Boulle mark in the Dallas jewelry market. Accordingly, the court **overrules** Plaintiffs' objection.

  B.   *Doctrine of Laches*[5]

Plaintiffs object to the magistrate judge's determination that Defendant's counterclaims and third-party claims are not barred by the doctrine of laches. Plaintiffs contend that Defendant did not enforce its trademark from 1986 to 1992, and, therefore, it should be barred from now bringing trademark infringement claims. First, the court agrees with the magistrate judge that Plaintiffs have

---

[5] Laches is "an inexcusable delay that results in prejudice to the defendant." *Westchester Media v. PRL USA Holdings, Inc.*, 214 F.3d 658, 668 (5th Cir. 2000) (citation omitted).

**Memorandum Opinion and Order - Page 4**

failed to demonstrate that a genuine dispute of material fact exists as to whether the Boulle mark has acquired secondary meaning in the diamond and jewelry business within the United States. Therefore, the Boulle mark is not a protectable mark. Second, even if the Boulle mark had acquired a secondary meaning, the court agrees that, based on the record, Plaintiffs have abandoned the Boulle mark. As Defendant notes, Plaintiffs do not appear to contest their abandonment of the Boulle mark from 1992 to 2012. Plaintiffs focus on Defendant's inaction from 1986 until 1992. Defendant, however, determined that filing a trademark infringement claim during the time period of 1986 to 1992 was unnecessary. After that time period, Plaintiffs abandoned their use of the Boulle mark. Therefore, it is appropriate for Defendant to contest Plaintiffs' most recent use of the abandoned mark, and the doctrine of laches does not apply. Accordingly, the court **overrules** Plaintiffs' objection.

      C.      *Doctrine of Acquiescence*[6]

Plaintiffs object to the magistrate judge's determination that Defendant's counterclaims and third-party claims are not barred by the doctrine of acquiescence. Plaintiffs contend that: (1) Defendant knew of their use of the Boulle mark since 1986; (2) it did not bring a trademark infringement claim at that time; and (3) it should therefore be barred from now bringing a trademark infringement claim. As the court stated above, Plaintiffs do not appear to contest their abandonment of the Boulle mark from 1992 to 2012. Plaintiffs focus on Defendant's inaction from 1986 until 1992. Defendant, however, determined that filing a trademark infringement claim during the time period of 1986 to 1992 was unnecessary. After that time period, Plaintiffs abandoned their use of

---

[6] Acquiescence "involves the plaintiff's implicit or explicit assurances to the defendant which induce[ ] reliance by the defendant." *Conan Props., Inc. v. Conans Pizza, Inc.*, 752 F.2d 145, 153 (5th Cir. 1985) (citations omitted).

**Memorandum Opinion and Order - Page 5**

the Boulle mark. Defendant's alleged acquiescence from 1986 until 1992 does not also mean that it acquiesces to Plaintiffs' use of the Boulle mark after they abandoned their use of that mark for approximately twenty years. Therefore, it is appropriate for Defendant to contest Plaintiffs' most recent use of the abandoned mark, and the doctrine of acquiescence does not apply. Accordingly, the court **overrules** Plaintiffs' objection.

> D.   *Doctrine of Laches and Acquiescence When Factual Bases for Defenses are Allegedly Accepted*

Plaintiffs object to the magistrate judge's determination that Defendant's counterclaims and third-party claims are not barred by the doctrine of laches and acquiescence, even though the magistrate judge allegedly accepted the factual bases of those defenses. Plaintiffs contend that their affirmative defenses of laches and acquiescence to Defendant's counterclaims exist not because of Defendant's failure to act or acquiescence after 1992, but because of Defendant's acquiescence or failure to act from 1986 to 1992. For the reasons stated in subsection (B) and (C), the court **overrules** Plaintiffs' objection.

> E.   *Counterclaims and Third-Party Claims for Trademark Infringement Are Barred Because of No Actual Use*

Plaintiffs contend that Defendant's counterclaims and third-party claims for trademark infringement are barred because there is no evidence of Plaintiffs' actual use of the Boulle mark. Plaintiffs emphasize that the magistrate judge determined that there is no evidence that Plaintiffs used the Boulle mark in the retail diamond or jewelry business in the United States since 1990. The magistrate judge, however, cited Plaintiffs' lack of use of the mark since 1990 to demonstrate Plaintiffs' abandonment of the mark. Defendant, however, seeks injunctive relief to halt Plaintiffs' current infringement through its website and advertisements. Additionally, Defendant is concerned

that Plaintiffs will expand their use of the Boulle mark, given their recent trademark applications and this lawsuit. Defendant emphasizes that the standard for issuing injunctive relief is *imminent* injury, not recent injury. While Defendant has provided evidence of imminent injury, the court will have to decide whether any relief is appropriate after trial. Accordingly, the court **overrules** Plaintiffs' objection.

       *F.*     *Counterclaims and Third-Party Claims for Injunctive Relief Are Barred Because of No Actual Use*

Plaintiffs contend that Defendant's counterclaims and third-party claims for injunctive relief are barred because there is no evidence of their actual use of the Boulle mark. The court **overrules** Plaintiffs' objection for the same reasons it overruled the objection in subsection (E).

       *G.*     *Descriptive Mark*

Plaintiffs object to the magistrate judge's determination that the Boulle mark is a descriptive mark and has not developed a secondary meaning. Plaintiffs contend that the magistrate judge failed to consider the determination of the United States Patent and Trademark Office ("USPTO") that the Boulle mark was inherently distinctive. The court agrees with the magistrate judge's determination. As the magistrate judge stated, "Plaintiffs have failed to produce any consumer-survey evidence or consumer testimony regarding the public's association between the Boulle mark and Jean Boulle." Report 19. Additionally, while the registration of a mark is prima facie evidence of the validity of the registered mark (15 U.S.C. § 1115(a)), the presumption of validity can be rebutted by establishing that the mark is not inherently distinctive. *Amazing Spaces, Inc. v. Metro Mini Storage*, 608 F.3d 225, 237 (5th Cir. 2010) (citation omitted). The court agrees with the magistrate judge that, when viewing how and when Plaintiffs used their mark, there is no indication that Jean Boulle's use of the Boulle mark altered the meaning of the term in the minds of consumers. Moreover, even if

**Memorandum Opinion and Order - Page 7**

there were a genuine dispute of material fact as to whether the Boulle mark is protectable, Defendant would still prevail on its motion for summary judgment on Plaintiffs' claims because, as previously discussed, Plaintiffs abandoned the Boulle mark. Accordingly, the court **overrules** Plaintiffs' objection.

## II.     Defendant's Objection

Defendant objects to the magistrate judge's determination that a genuine dispute of material fact exists as to the issue of likelihood of confusion within Defendant's trademark infringement claim. Defendant contends that there is no dispute that Plaintiffs' use of the Boulle mark is likely to cause confusion because the USPTO rejected Boulle Ltd.'s trademark application for that exact reason and because the parties have similar infringement claims against each other. The magistrate judge set forth the five elements needed to prove trademark infringement: use of "(1) any reproduction, counterfeit, copy[,] or colorable imitation of a mark; (2) without the registrant's consent; (3) in commerce; (4) in connection with the sale, offering for sale, distribution[,] or advertising of any goods; (5) where such use is likely to cause confusion, or to cause mistake or to deceive." Report 25 (citation omitted). The court agrees with the magistrate judge's determination that the De Boulle mark is entitled to protection. Additionally, elements one through four of a trademark infringement cause of action are not in dispute. Therefore, the only remaining issue is whether Plaintiffs' use of the Boulle mark causes a likelihood of confusion.

The magistrate judge determined that there was a genuine dispute of material fact as to whether a likelihood of confusion exists and therefore recommended that summary judgment on Defendant's trademark infringement claim be denied. The magistrate judge stated that Defendant did not address the "digits of confusion," or factors used to determine whether confusion is likely.

The magistrate judge acknowledged that the De Boulle and Boulle marks are highly similar in appearance and that the products offered with the marks are substantially identical. The magistrate judge, however, determined that Defendant offered no evidence as to outlet and purchaser identity, the similarity of advertising media, or the care exercised by potential purchasers. The magistrate judge also determined that there was no evidence of actual confusion.

Factual assertions in pleadings and pretrial orders are normally considered to be judicial admissions that are conclusively binding on the party who made them. *White v. ARCO/Polymers, Inc.*, 720 F.2d 1391, 1396 (5th Cir. 1983). In Plaintiff Boulle Ltd.'s First Amended Complaint (the live pleading in this case), Plaintiff states:

> Because of the similarity between Defendant's Mark and Boulle's Mark, consumers are likely to believe that Defendant's goods and services come from or are authorized, endorsed, related to or sponsored by Boulle. Consumers are likely to expect that Defendant's goods or services are of the same high quality as Boulle's goods and services.

Pl.'s Am. Compl. ¶¶ 22-23. Plaintiff also contends that:

> The Boulle Mark was established years before the confusingly similar Defendant's Mark. Defendant has used and continues to use the Defendant's Mark to advertise and sell goods and services in interstate commerce and in a manner likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant to Boulle, or as to the origin, sponsorship, or approval of Defendant's business by Boulle.

*Id*. ¶ 34. Plaintiff also states, "Defendant's use of Defendant's Mark is likely to cause confusion, cause mistake or to deceive the relevant consuming public as to the source of the goods and services or the affiliation, connection or association of Defendant with Boulle in violation of Texas common law prohibiting unfair competition." *Id*. ¶ 40. Additionally, in the section titled "Boulle's Summary of Claims and Defenses" in the Joint Pretrial Order, filed January 6, 2014, Plaintiff states:

The magistrate judge acknowledged that the De Boulle and Boulle marks are highly similar in appearance and that the products offered with the marks are substantially identical. The magistrate judge, however, determined that Defendant offered no evidence as to outlet and purchaser identity, the similarity of advertising media, or the care exercised by potential purchasers. The magistrate judge also determined that there was no evidence of actual confusion.

Factual assertions in pleadings and pretrial orders are normally considered to be judicial admissions that are conclusively binding on the party who made them. *White v. ARCO/Polymers, Inc.*, 720 F.2d 1391, 1396 (5th Cir. 1983). In Plaintiff Boulle Ltd.'s First Amended Complaint (the live pleading in this case), Plaintiff states:

> Because of the similarity between Defendant's Mark and Boulle's Mark, consumers are likely to believe that Defendant's goods and services come from or are authorized, endorsed, related to or sponsored by Boulle. Consumers are likely to expect that Defendant's goods or services are of the same high quality as Boulle's goods and services.

Pl.'s Am. Compl. ¶¶ 22-23. Plaintiff also contends that:

> The Boulle Mark was established years before the confusingly similar Defendant's Mark. Defendant has used and continues to use the Defendant's Mark to advertise and sell goods and services in interstate commerce and in a manner likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant to Boulle, or as to the origin, sponsorship, or approval of Defendant's business by Boulle.

*Id*. ¶ 34. Plaintiff also states, "Defendant's use of Defendant's Mark is likely to cause confusion, cause mistake or to deceive the relevant consuming public as to the source of the goods and services or the affiliation, connection or association of Defendant with Boulle in violation of Texas common law prohibiting unfair competition." *Id*. ¶ 40. Additionally, in the section titled "Boulle's Summary of Claims and Defenses" in the Joint Pretrial Order, filed January 6, 2014, Plaintiff states:

> In this lawsuit, Boulle asserts that De Boulle has used and continues to use the De Boulle mark in commerce to advertise and sell its goods and services in a manner that is likely to cause confusion, to cause mistake, to deceive as to the affiliation, connection or association of De Boulle to Boulle or to deceive as to the origin, sponsorship or approval of De Boulle's goods and services by Boulle.

Joint Pretrial Order 6.

Plaintiffs contend that the Joint Pretrial Order does not establish that a likelihood of confusion exists and argue that both parties listed likelihood of confusion as a contested issue of fact. Plaintiffs contend that the statement from the Joint Pretrial Order is not an admission that the marks are likely to cause confusion but is instead only an allegation that the *manner* in which Defendant has used its mark is likely to cause confusion. The court determines that Plaintiffs' contention that a likelihood of confusion does not exist is not entirely inconsistent with their above statement from the Joint Pretrial Order. Plaintiffs' argument implies that the two marks are not likely to be confused *unless* Defendant uses its mark in a particular way.

Plaintiffs also contend that while the Amended Complaint admits a likelihood of confusion, they have denied the existence of a likelihood of confusion in other pleadings. Plaintiffs claim that they denied a likelihood of confusion in their Answer to Defendant's Counterclaim on August 6, 2012. This Answer, however, is moot, as Plaintiffs filed an Amended Answer to Defendant's Counterclaim (Doc. 107) on November 21, 2013, and the Amended Answer supersedes the answer previously filed. On December 9, 2013, Defendant filed an Amended Counterclaim.[7] On August 27, 2014, Plaintiffs filed an Answer to Defendant's Amended Counterclaims and Third-Party Complaint. Plaintiffs realized that they had not responded to Defendant's December 9, 2013

---

[7] Pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), Defendant was entitled to respond to Plaintiff's Amended Answer within 21 days, and the amended pleading was therefore timely.

**Memorandum Opinion and Order - Page 10**

Amended Counterclaim, and, to further bolster their contention that they have pleaded no likelihood of confusion exists, filed an Answer at the "eleventh hour." The court *sua sponte* **strikes** Plaintiffs' Answer to Defendant's Counterclaims and Third-Party Complaint as, pursuant to Federal Rule of Civil Procedure Rule 12, it is untimely, Plaintiffs failed to seek leave of the court, and they did not first establish good cause to file the amended pleading.[8] Accordingly, it will not be considered by the court.

Regardless of which Answer the court treats as Plaintiffs' live answer to Defendant's Amended Counterclaim, Plaintiffs have denied a likelihood of confusion in all of their answers. Additionally, Plaintiffs cite their responses to various requests for admission in which they stated that the information known is insufficient to enable Plaintiffs to admit or deny whether there would be a likelihood of confusion. Finally, Plaintiffs cite Jean Boulle's deposition testimony in which he states that he believes there is no confusion between the two marks.

Plaintiffs cite a case from the Southern District of Indiana that, while not binding, is on point and persuasive. In *Brandt Industries, Ltd. v. Pitonyak Machinery Corp.*, 2012 WL 4357447 (S.D. Ind. Sept. 24, 2012), Brandt Industries ("Brandt") sued Pitonyak Machinery Corp. ("PMC") for trademark infringement and asserted a likelihood of confusion between both parties' marks. PMC then filed a trademark infringement counterclaim against Brandt. Brandt, similar to Plaintiffs in the case before the court, then denied that there was a likelihood of confusion between the marks. At the time of trial, only PMC's counterclaims remained. PMC tried to prevent Brandt from denying

---

[8] Federal Rule of Civil Procedure 12(a)(B) states that "[a] party must serve an answer to a counterclaim or crossclaim within 21 days after being served with the pleading that states the counterclaim or crossclaim." Moreover, as a scheduling order had been issued and the time to amend pleadings had expired, Plaintiffs must first show that good cause exists under Rule 16(b)(4) before the court considers whether the amended pleading should be allowed. *S & W Enters., L.L.C. v. Southwest Bank of Alabama*, 315 F.3d 533, 536 (5th Cir. 2003) ("Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired."). Plaintiff did not comply with Rule 15(a) or 16(b)(4).

**Memorandum Opinion and Order - Page 11**

that a likelihood of confusion existed because Brandt previously stated that a likelihood of confusion did exist in its Original Complaint. The court held that, pursuant to Federal Rule of Civil Procedure 8, Brandt was allowed to assert inconsistent pleadings, and therefore held that the statement that likelihood of confusion existed in the Original Complaint was not a judicial admission.[9] *Brandt*, 2012 WL 4357447, at *3. *Brandt* is quite similar to this case. Plaintiff asserted a likelihood of confusion between the Boulle mark and the De Boulle mark in its Amended Complaint, and also its contentions in the Joint Pretrial Order appear to indicate that a likelihood of confusion exists; however, the court's analysis above explains that the Joint Pretrial Order language may not be as clear cut as Defendant indicates. Plaintiffs, however, also pleaded that there is not a likelihood of confusion in its answers.[10] The Fifth Circuit, in *Continental Ins. Co. of New York v. Sherman*, 439 F.2d 1294 (5th Cir. 1971), also addressed whether inconsistent pleadings can be used as admissions. Although the analysis in *Sherman* is not identical to the analysis in *Brandt*, *Sherman* lends support to the soundness of the conclusions reached by the court in *Brandt*. The Fifth Circuit observed:

> As a general rule the pleading of a party made in another action, as well as pleadings in the same action which have been superseded by amendment, withdrawn or dismissed, are admissible as admissions of the pleading party to the facts alleged therein, assuming of course that the usual tests of relevancy are met . . . . Strictly applied, however, this rule would place a litigant at his peril in exercising the liberal pleading and joinder provisions of the Federal Rules of Procedure in that inconsistent pleadings under Rule 8(e)(2) could be used, in the proper circumstances, as admissions negating each other and the allegations in third-party complaints and cross-claims seeking recovery over in the event of liability in the principal action could be used in that action as admissions establishing liability. Thus, as a necessary exception to the general rule, *there is ample authority that one of two inconsistent pleas cannot be used as evidence in the trial of the other* . . . .

---

[9] Federal Rule of Civil Procedure 8(d)(3) states that "[a] party may state as many separate claims or defenses as it has, regardless of consistency."

[10] Plaintiffs also contended that no likelihood of confusion exists in its responses to requests of admission and in relevant depositions.

**Memorandum Opinion and Order - Page 12**

*Sherman*, 439 F.2d at 1298 (citations and internal citations omitted) (emphasis added). This same logic can apply to the situation before the court. Plaintiff's contention in its Amended Complaint that likelihood of confusion does exist should not be used as an admission to likelihood of confusion in Defendant's trademark infringement claim. Additionally, *Wells Fargo Bank, N.A. v. Guevara*, although not identical to *Brandt*, also lends support to the conclusions reached in *Brandt*. The court construed the plaintiff's complaint as: (1) claiming damages against Wells Fargo as servicer of the note in issue; or, in the alternative, (2) asserting that Wells Fargo was not the servicer and therefore lacked standing to pursue a claim on the note in issue. *Guevara*, 1010 WL 5824040, at *3 (N.D. Tex. Aug. 18, 2010). The court held that Wells Fargo may not use allegations related to one claim as evidence to invalidate an alternative claim. *Id*. The court acknowledges that *Guevara* addresses two different *claims* made by the plaintiff, whereas Plaintiff in the instant case is asserting an inconsistent claim and *answer*. The court determines, however, that the logic in *Guevara* still applies and that Defendant should not be able to use *Plaintiff's* trademark infringement claim as an admission to *Defendant's* trademark infringement claim. Therefore, Plaintiffs' statements in the Amended Complaint and in the Joint Pretrial Order are not binding judicial admissions, given the inconsistent statements Plaintiffs provide in their answers.

In its attempt to demonstrate that there was no genuine dispute of material fact as to the presence of a likelihood of confusion, Defendant hung its hat on Plaintiffs' statements in its Amended Complaint and the Joint Pretrial Order standing as binding judicial admissions. Given the court's determination that these statements are not binding judicial admissions, the court **overrules** Defendant's objection. The court agrees with the magistrate judge's determination that the facts present are sufficient to create a genuine dispute of material fact as to the issue of likelihood of

**Memorandum Opinion and Order - Page 13**

confusion. Accordingly, Defendant's trademark infringement, state-law dilution claim, unfair competition claim, and misappropriation claim remain and will proceed to trial, unless the parties resolve them expeditiously.

### III.     Conclusion

Having reviewed the pleadings, file, and record in this case, and the findings and conclusions of the magistrate judge, the court **determines** that the magistrate judge's findings and conclusions are correct, and **accepts** them as those of the court.  For the reasons stated herein, the court (1) **denies** Plaintiff and Third-Party Defendant's Motion for Summary Judgment on Defendant's counterclaims and third-party claims; (2) **grants** Defendant's Cross-Motion for Summary Judgment on all of Plaintiff's claims and causes of action; and (3) **denies** Defendant's Motion for Summary Judgment on its own counterclaims and third-party claims.  Plaintiff Boulle Ltd.'s claims against Defendant are **dismissed with prejudice**.  Defendant's counterclaims and third-party claims of trademark infringement, unfair competition, misappropriation, and state-law dilution will proceed to trial.  Additionally, the court **denies as moot** Plaintiff's and Third-Party Defendant's Objection to and Motion to Strike Defendant's Evidence in Support of Its Motion for Summary Judgment and Its Response to Plaintiff's Motion for Summary Judgment (Doc. 93), as the court did not consider any of the objectionable material in its analysis.  Further, the court **grants** Defendant's Motion to Realign the Parties (Doc. 167).  As noted by Defendant in its Motion to Realign the Parties, Plaintiffs' counsel stated that he consents to realignment if Plaintiffs' objections to the magistrate judge's Report are overruled, which they are.  The parties will therefore be realigned with De Boulle as Plaintiff and Boulle, Ltd. and Jean-Raymond Boulle as Defendants.  The court therefore **directs** the clerk of the court to change the caption of this action to reflect this realignment.  Finally, the

**Memorandum Opinion and Order - Page 14**

court notes that Plaintiff's and Third-Party Defendant's Motion to Exclude the Testimony of Defendant's Proffered Expert Steven Dennis (Doc. 83) remains outstanding. The magistrate judge will rule on this motion in a timely fashion.

    **It is so ordered** this 29th day of August, 2014.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge