IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DE BOULLE DIAMOND & JEWELRY, INC. )<br>　　Plaintiff, )<br> )<br>v. )<br> )<br>BOULLE, LTD. and JEAN-RAYMOND )<br>BOULLE, )<br>　　Defendants. ) | No. 3:12-CV-1462-L |

### FINDINGS CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this motion has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

I.

Before the Court is Plaintiff De Boulle Diamond & Jewelry, Inc.'s ("Plaintiff's") Rule 54(d) Motion for Attorney's Fees Based on the Contract Defendants Invoked. (ECF No. 299.) For the foregoing reasons, the Court recommends that the motion be denied.

Plaintiff's motion seeks attorney fees based on the 1993 Compromise Settlement Agreement and Mutual Release ("Settlement Agreement"). The 1993 Settlement Agreement states as follows:

> Any party to this Agreement who is the prevailing party in any legal proceeding *brought under or in relation to this contract or transaction* shall be additionally entitled to recover any court costs and reasonable attorneys' fees from the non-prevailing party.

(Pl.'s Ex. A) (emphasis added).

Plaintiff argues that because Defendants invoked the 1993 Settlement Agreement as an

affirmative defense to the claims in this litigation, the Settlement Agreement relates to the current case and governs the attorney fee issue. Defendant filed a response arguing that Plaintiff was not a party to the Settlement Agreement, that the current litigation is not related to the Settlement Agreement, and that Plaintiff was not a prevailing party under the Settlement Agreement. (ECF No. 304.) Because the Court finds the Settlement Agreement does not apply to this litigation, the Court declines to address Defendants' claim that Plaintiff was not a party to the Settlement Agreement.

II.

The Court finds the 1993 Settlement Agreement does not apply to the current lawsuit and does not entitle Plaintiff to an award of attorney fees. As discussed in this Court's prior Findings, Conclusions, and Recommendation, the claims asserted in this lawsuit are not the same claims that existed in 1993 and the record does not support an interpretation that the purpose of the Settlement Agreement was to apply to claims the parties might have in the future. (ECF No. 154 at 14-15.) Further, as the district court stated,

> It is clear that the subject matter [of the Agreement] encompasses: (1) a specific business transaction; (2) the litigation that came from that transaction; and (3) other matters that Denis Boulle and Jean Boulle were seeking to resolve before Jean Boulle left the United States.

(ECF No. 175 at 4.) Defendants' unsuccessful attempt to invoke the Settlement Agreement as an affirmative defense to Plaintiff's trademark infringement and unfair competition claims does not make the current lawsuit a "legal proceeding brought under or in relation to" the 1993 Settlement Agreement.

Further, the cases cited by Plaintiff do not support Plaintiff's claim for attorney fees.

Plaintiff cites *Garrison v. Kocurek*, 2000 WL 45643, (Tex. App. – Austin, Jan. 21, 2000) (unpublished), arguing that the same "related to" language in that case did not limit the recovery of attorneys fees to breach of contract claims. The litigation in *Garrison*, however, clearly related to the sales contract. In *Garrison*, the seller signed an earnest money contract to sell his land to the buyers. The contract stated that if the buyer, seller, listing broker, or other broker was a prevailing party "in any legal proceeding brought under or with relation to this contract, such party shall be entitled to recover" attorney fees. *Id.* at *1. The contract expired without the sale being completed, and the seller sued his brokers. The seller argued his brokers were negligent and breached their fiduciary duties relating to the earnest money contract. The brokers prevailed against the seller and sought attorney fees. The court found that the buyer "claimed the [brokers] made misrepresentations or failed to make proper disclosures with respect to the [earnest money] contract and breached their duties to him under the contract. Thus, the suit is clearly related to the contract." *Id.* at 2.

Plaintiff also cites *Fitzgerald v. Schroeder Ventures II, LLC*, 345 S.W.3d 624 (Tex. App. – San Antonio 2000). In *Fitzgerald*, the buyer of a land parcel sued the sellers and the seller's broker for fraud, negligence and misrepresentation related to the sales contract, arguing the sellers failed to disclose the existence of a sinkhole. A jury found in favor of the sellers and their broker. In awarding attorney fees to the seller and broker, the court found the claims in the lawsuit were clearly related to the sales contract. *Id.* at 630-31. Similarly, the other cases Plaintiff cites involve litigation clearly related to the contract that includes the attorney fee provision. *See Rich v. Olah*, 274 S.W.3d 878, 888 (Tex. App. – Dallas 2008) (stating plaintiffs' tort claims were related to the real estate contract because plaintiffs claimed "they were induced

into the contract of sale and purchase of the house by [defendant's] knowing or negligent failure to disclose material information about the foundation."); *Boehl v. Boley*, 2011 WL 238348 at *3 (Tex. App. -- Amarillo, Jan. 26, 2011) (per curiam) (unpublished) (finding real estate brokers may recover attorney fees if they are a prevailing party in a legal proceeding related to the sales contract).

In the current case, this litigation for trademark infringement and unfair competition is not related to the 1993 Settlement Agreement. The Settlement Agreement therefore does not entitle Plaintiff to attorney fees in this case. Plaintiff's motion should be DENIED.

III.

The Court recommends that Plaintiff's motion for attorney fees based upon the 1993 Settlement Agreement be DENIED.

Signed this 22 day of August, 2016.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).