IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DE BOULLE DIAMOND &** <br> **JEWELRY, INC.,** <br><br> Plaintiff, <br><br> v. <br><br> **BOULLE, LTD. and** <br> **JEAN-RAYMOND BOULLE,** <br><br> Defendants. | § § § § § § § § § § § § | Civil Action No. **3:12-CV-1462-L** |

## ORDER

Before the court is Plaintiff's Rule 54(d) Motion for Attorney's Fees Based on the Contract Defendants Invoked ("Motion" or "Motion for Attorney's Fees") (Doc. 299), filed September 8, 2015. On August 22, 2016, Magistrate Judge Paul D. Stickney entered the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 332), recommending that the court deny the motion. On September 6, 2016, Plaintiff filed objections to the Report. On September 12, 2016, Defendant filed a response to Plaintiff's objections, to which Defendant replied on September 16, 2016.

In its Motion for Attorney's Fees and objections to the Report, Plaintiff contends that, although the court previously held that the 1993 Settlement Agreement ("Agreement" or "1993 Agreement") does not apply to the trademark dispute in this case or the claims asserted in the case, it is entitled to attorney's fees under that Agreement because Defendants invoked the Agreement when they asserted a counterclaim for release based on the Agreement. As noted in the Report, the magistrate judge previously determined, and the court agreed, that the 1993 Agreement is

Order – Page 1

unambiguous and does apply to this action or the claims asserted in it. Report (Doc. 154); Mem. Op. and Order (Doc. 175). While creative, Plaintiff's argument that it should, nevertheless, be allowed to recover attorney's fees under the Agreement, because Defendants unsuccessfully asserted a release counterclaim based on the inapplicable Agreement, does not persuade the court to reach a different conclusion. Moreover, Plaintiff's contention that it is entitled to attorney's fees under the 1993 Settlement Agreement is inconsistent with its prior position that the Agreement is unenforceable, [as] against public policy." Jt. Pretrial Order 8; Mem. Op. and Order 4 (Doc. 175).

Thus, having considered the Motion, briefs, evidence, the record in this case, and the well-reasoned Report, and having conducted a de novo review of that portion of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court.[*] Accordingly, the court **overrules** Plaintiff's

---

[*] In support of its reply brief, Plaintiff filed an appendix that includes evidence not previously submitted in conjunction with Plaintiff's motion. The new evidence consists of a declaration by Denis Boulle and deposition excerpts from the depositions of Jean-Raymond Boulle, which Plaintiff relies on to support its position regarding the intent of Denis Boulle and Jean-Raymond Boulle in entering the 1993 Agreement. As this new evidence was filed without leave of court and Plaintiff has not provided any explanation why this evidence could not have been submitted when it filed its motion, the court does not consider it or Plaintiff's new arguments based on this evidence in ruling on the motion for attorney's fees. *See Hardman v. Colvin*, 820 F.3d 142, 152 (5th Cir. 2016) ("Hardman also failed to mention his remand arguments in his initial brief. As we ordinarily do not consider claims 'raised for the first time in a reply brief,' we will not consider this claim, which was raised after the reply brief.") (citing *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993)); *Springs Indus., Inc. v. American Motorists Ins. Co.*, 137 F.R.D. 238, 239-40 (N.D. Tex. 1991) (explaining that, when "a movant has injected new evidentiary materials in a reply without affording the nonmovant an opportunity for further response," the court may in its discretion decline to consider them because "a movant should not be permitted to cure by way of reply what is in fact a defective motion); *see also Weber v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 455 F. Supp. 2d 545, 551 (N.D. Tex. 2006) (citing *Springs Industries* and striking new argument and supporting evidence raised for the first time in reply in support of motion to vacate arbitration award). Moreover, due to the age of this case and litigious nature of the proceedings, the court determines that allowing the parties to submit additional briefing to address the new materials filed in support of Plaintiffs' reply would unnecessarily delay the resolution of Plaintiff's motion, as Defendants most certainly would request an opportunity to file a surreply and additional evidence. At some point, litigation must come to an end, and that time is now! Further, as the magistrate judge previously determined, and this court agreed, that the 1993 Agreement is unambiguous, the court cannot consider any extraneous evidence to determine the meaning of the 1993 Agreement. *See* Report 12, 15 (Doc. 154); Mem. Op. and Order accepting Report (Doc. 175).

**Order – Page 2**

objections and **denies** Plaintiff's Rule 54(d) Motion for Attorney's Fees Based on the Contract Defendants Invoked (Doc. 299).

    **It is so ordered** this 6th day of October, 2016.

                                                       Sam A. Lindsay
                                                   United States District Judge